UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

12FIVE, LLC,

              Plaintiff,

              -v-                  1:24-CV-152

FINCARE GLOBAL, LLC,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

MCCARTER & ENGLISH      BRIAN W. CARROLL, ESQ.
Attorneys for Plaintiff
250 West 55th Street, 13th Floor
New York, NY 10019

DAVID N. HURD
United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

Plaintiff 12five Capital, LLC ("plaintiff"), an Illinois limited liability

company[1] ("LLC"), filed this breach-of-contract action against defendant

Fincare Global, LLC ("defendant"), a New York LLC headquartered in

Albany, New York, after defendant defaulted on a Payment Agreement.

---

[1] The plaintiff-LLC is composed of a single member-manager entity called Altriarch Commercial Finance, Inc. (that is a Delaware corporation headquartered in South Carolina).

Plaintiff's complaint alleges that it purchased certain accounts receivable from a non-party named Tia Global Incorporated, which, as relevant here, included three unpaid invoices owed by defendant.  The pleading alleges that: (1) plaintiff sent to defendant a valid notice of the assignment of this debt; (2) defendant acknowledged that it owed the debt in question; (3) the parties executed a Payment Agreement in which defendant agreed to pay the full amount owed in monthly installments; and, thereafter, (4) defendant failed to make the payments.  According to the complaint and attachments, the balance due and owing under this Payment Agreement is $1,503,825.00.

Plaintiff filed this civil action on January 30, 2024.  Dkt. No. 1.  Defendant failed to answer or appear to defend this action.  Thereafter, plaintiff sought the entry of default, Dkt. No. 12, which the Clerk of the Court certified and approved on April 11, 2024, Dkt. No. 13.

On September 6, 2024, plaintiff moved under Rule 55 of the Federal Rules of Civil Procedure for default judgment.  Dkt. No. 15.  Despite being served, Dkt. No. 16, defendant failed to appear or respond.  The time period in which to do so has expired.  Accordingly, plaintiff's motion will be considered on the basis of the available submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment against a defaulting party.  FED. R. CIV. P. 55(a)–(b).  The first step is to obtain an entry of default from the Clerk of the

Court.  FED. R. CIV. P. 55(a).  The second step is to seek a default judgment,

which must ordinarily be reviewed by the court unless the claim is for a sum

certain.  FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed an admission of all well pleaded allegations

of liability."  *Greyound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d

155, 158 (2d Cir. 1992).  But it is not an admission of damages.  *Id.*  And "it

remains for the court to consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit conclusions

of law."  *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y.

2010) (cleaned up).

If liability is established, the court must determine what, if any, amount of

damages should be awarded.  This involves two basic requirements: first, the

court must ensure that there is "an adequate basis" for any damages sought;

and second, the court must be able to ascertain the amount of the requested

damages "with reasonable certainty."  *Antoine v. Brooklyn Maids 26, Inc.*, 489

F. Supp. 3d 68, 90 (E.D.N.Y. 2020).  "A court may make this determination

based upon evidence presented at a hearing or upon a review of detailed

affidavits or documentary evidence."  *Id.* (cleaned up); *see also Cement &*

*Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*,

699 F.3d 230, 234 (2d Cir. 2012).

Upon review of plaintiff's evidentiary submissions, and based on the well-pleaded allegations in the complaint, the motion for default judgment will be granted for substantially the reasons set forth in plaintiff's memorandum of law.  *See* Dkt. No. 15.

Therefore, it is

ORDERED that

1.  Plaintiff's motion for a default judgment (Dkt. No. 15) is GRANTED;

2.  Plaintiff SHALL RECOVER from defendant as follows:

    (a) a principal amount of $1,503,825.00;

    (b) pre-judgment interest[2] of $154,257; and

    (c) post-judgment interest on this award shall accrue at the daily rate

in accordance with 28 U.S.C. § 1961.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated:  November 14, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge

---

[2] Plaintiff's submissions establish that this amount is the $370.81 daily rate of pre-judgment interest at 9% per annum multiplied by 416 days; *i.e.*, September 25, 2023 through the date of this Order in accordance with C.P.L.R. § 5004.  *See, e.g.*, *OVES Enters., SRL v. NOWwith Ventures, Inc.*, 2024 WL 4635399, at *6 (S.D.N.Y. Oct. 31, 2024) (explaining that pre-judgment interest in a breach of contract action is generally awarded as of right and is typically computed from the earliest ascertainable date).